UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| MICHELLE S.[1],<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>KILOLO KIJAKAZI, ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION[2],<br><br>　　　　　　Defendant. | 5:20-CV-05001-DW<br><br>REDACTED<br>ORDER GRANTING MOTIONS FOR ATTORNEY FEES (DOCS. 23, 30) |

**INTRODUCTION**

Plaintiff Michelle S. filed a Motion for Award of Attorney Fees and Costs Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d).  (Doc. 23).  Plaintiff subsequently filed a supplemental motion for attorney fees and costs.  (Doc. 30).  The Commissioner opposes both motions.  (Docs. 25, 32, 35).

---

[1] The Administrative Office of the Judiciary suggested the court be more mindful of protecting from public access the private information in Social Security opinions and orders.  For that reason, the Western Division of the District of South Dakota will use the first name and last initial of every non-governmental person mentioned in the opinion.  This includes the names of non-governmental parties appearing in case captions.

[2] Dr. Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021.  Pursuant to Fed. R. Civ. P. 25(d), Dr. Kijakazi is automatically substituted for Andrew Saul as the defendant in all pending social security cases.  No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**DISCUSSION**

First, the Commissioner argues that Plaintiff's motions are premature because the motions can only be filed *after* the judgment becomes final and the judgment was not final yet. (Docs. 25, 32) (emphasis added). Plaintiff's initial motion for attorney's fees was filed March 31, 2021, one day after the court's judgment and order reversing the commissioner were entered. (Docs. 21, 22, 23). Plaintiff's supplemental motion for attorney's fees was filed April 16, 2021. (Doc. 30). Plaintiff argues that the motion is brought *within* 30 days of the last day the judgment could have been appealed, i.e. within 90 days of the date judgment was entered, and that the motion is timely because there is nothing precluding her from filing the motion early, as long as it is within 30 days of the final judgment. (Docs. 23, 28) (emphasis added).

28 U.S.C. § 2412(d)(1)(B) requires that the motion for fees or other expenses be brought within 30 days of "final judgment." "Final judgment" is defined in 28 U.S.C. § 2412(d)(2)(G) as "a judgment which is final and not appealable." A judgment becomes final and not appealable when the 60-day time limit for appeal runs. 28 U.S.C. § 2107(b). The 30-day EAJA clock begins to run after the time to appeal the final judgment has expired. <u>Browning v. Colvin</u>, No. CIV. 13-5038-JLV, 2016 WL 1261059, *1 n.2, (D.S.D. Mar. 30, 2016), citing <u>U.S. E.E.O.C. v. Mid-Minnesota Fed. Credit Union</u>, 820 F. Supp. 432, 434 (D.Minn. 1993).

Defendant points to the case of <u>Melkonyan v. Sullivan</u>, which states "[i]n Sentence four cases, the filing period [for EAJA] begins after the final judgment

("affirming, modifying or reversing") is entered by the court and the appeal period has run, so that the judgment is no longer appealable." 501 U.S. 89, 102 (1991) (Docs. 25, 32). However, the petitioner in Melkonyan made a similar argument to the Plaintiff here, to-wit: that the language of the statute permitted him to apply at any time up to 30 days after entry of the judgment, and even before judgment is entered, as long as he is the prevailing party. Melkonyan, 501 U.S. at 103. The court did not address that issue stating that the case was not the appropriate vehicle for resolving that issue. Id. See also Harmon v. United States, 101 F.3d 574, 587 (8th Cir. 1996) (noting that the Supreme Court in Melkonvan did not decide whether a litigant may apply for attorney fees before a judgment is final but questioned it).

There are two ways the court can deal with a premature motion. First, the court can deny the motion, with or without prejudice to refiling after final judgment. Johnson v. Colvin, No. 4:14-cv-04134, 2015 WL 4763651, *1 (W.D. Ark. Aug. 10, 2015) (court denied motion for attorney fees filed before time to appeal judgment had expired, but without prejudice and noted that the motion may be refiled once the time to appeal had expired). Second, the court can refrain from ruling on the question of attorney's fees until the judgment is final. Johnson v. Astrue, No. Civ 10-4052-RAL, 2011 WL 4458850, *2 (D.S.D. Sept. 23, 2011) (citing Harmon v. United States, 101 F.3d at 587) (holding that the proper course of action when a motion for attorney's fees is filed before the judgment is final is to refrain from ruling on the motion until the litigation is

3

final). This court chooses to follow the Eighth Circuit's course of action in Harmon and refrain from ruling until the judgment is final.

Here, the Commissioner filed a motion to alter or amend the court's judgment pursuant to Fed. R. Civ. P. 59(e). (Doc. 26). Since the Commissioner's motion to alter or amend under Rule 59 was timely, the time to file an appeal runs from entry of the order of that motion to alter or amend. The court entered an order denying Defendant's motion to alter or amend on January 21, 2022. (Doc. 34). Defendant had 60 days from the date of entry of the order to file a notice of appeal. The appeal deadline passed on March 22, 2022, and the Commissioner has not appealed. Therefore, the judgment is now a "final judgment" and Plaintiff's motion is no longer premature.

In Plaintiff's initial motion for attorney fees (Doc. 23), she asks for an award of attorney's fees of 35.85 hours at $201 per hour, plus sales tax, for a total of $7,674.23. (Doc. 23). In her supplemental motion (Doc. 30), Plaintiff seeks an additional $642.20 for three hours spent to reply to the Commissioner's response to her initial motion, respond to the Commissioner's motion to alter or amend judgment, and prepare the supplemental motion for attorney fees. The court finds this to be both reasonable and supported by counsel's submission. The Commissioner agreed the fees and expenses requested were reasonable. (Doc. 35). Therefore, the court adds $642.20 to counsel's original request.

Also, in both Plaintiff's initial and supplemental motions for attorney fees, she asked that attorney fees and expenses be paid directly to her attorney

4

because she assigned her right to any EAJA award to her counsel in her fee agreement, subject to a possible federal administrative offset. (Docs. 23, 30). The Commissioner objected and argued that pursuant to Astrue v. Ratliff, 560 U.S. 586 (2010), the government should pay fees to Plaintiff, not her attorney. (Docs. 25, 35).

The Commissioner's argument has been rejected in several past opinions by this district. Johnson v. Astrue, No. CIV 10-4052-RAL, 2011 WL 4458850 (D.S.D. Sept. 23, 2011); Gors v. Colvin, No. CIV 12-4162, 2013 WL 960230 (D.S.D. Mar. 12, 2013); Cooks v. Colvin, No. CIV 12-4177-KES, 2013 WL 6729868 (D.S.D. Dec. 19, 2013); and Radel v. Saul, No. 4:19-CV-04068-VLD, 2020 WL 509056 (D.S.D. Jan. 31. 2020). As such, the court adopts the analysis and results reached in those cases, Johnson, Gors, Cooks, and Radel and rejects the Commissioner's argument against direct payment of the attorney fee award to Plaintiff's counsel.

Accordingly, the court acknowledges the government's right of offset if Plaintiff has any outstanding debts owed to the federal government. Radel, 2020 WL 509056 at *2. As such, the court grants the Commissioner 30 days to determine if any debts exist and therefore if any offset should be made, after which 30-day period the balance of the EAJA award shall be remitted to Plaintiff's counsel.

## ORDER

Based on the above analysis, it is hereby

ORDERED that Plaintiff's motions for EAJA fees and expenses (Docs. 23, 30) are granted. Following a 30-day period for administrative inquiry by the Commissioner to determine if Plaintiff owes the federal government any pre-existing debt for which the government is entitled to offset, the Commissioner shall pay to Plaintiff reasonable attorney fees in the amount of $8,316.43 (comprised of $7,808.85 in attorney's fees and $507.58 in state and local sales tax on the attorney's fees) pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412; and it is further

ORDERED that the Plaintiff is entitled to postage expenses in the amount of $21.00, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412; and it is further

ORDERED that after 30 days, the administration will issue the check to Plaintiff's counsel, less any amount subject to offset under the Treasury Offset Program; and it is further

ORDERED that, after offsetting any debt owed under the Treasury Offset Program, the administration will issue the check to Plaintiff's counsel, Steven Pfeiffer, 2522 West 41st Street, Suite 340, Sioux Falls, SD 57105.

DATED this 27th day of April, 2022.

BY THE COURT:

*[signature]*

DANETA WOLLMANN
United States Magistrate Judge